Charles J. Liebman and Others, Individually and as Stockholders and in the Right of Auto Strop Company, Appellants, *v.* Auto Strop Company and Others, Respondents.

First Department, March 13, 1925.

Corporations — dividends — stockholders' action to procure annulment of resolution  declaring property dividend, and for injunction — defendant corporation owned majority of stock of another corporation which it purposes to distribute as dividend — charter of defendant corporation provides that stock of other corporation held by it shall be voted for such directors as its stockholders shall nominate — under such provision and cumulative voting minority were able to elect two directors of other corporation — fact that distribution of stock as dividend will deprive minority of power to elect two directors for said corporation is not evidence of bad faith — injunction denied.

The soundness or wisdom of the judgment of a board of directors of a private corporation will not be judicially reviewed where there is neither bad faith nor fraud.    Accordingly, a court of equity will not restrain the paying of a property dividend which is to be effected by the defendant through the distribution of stock of another corporation held by the defendant, where the only evidence of bad faith on the part of the directors is that a result of the distribution of the stock will be to deprive the minority stockholders of the defendant of the power to elect two directors of the corporation whose stock it holds, which power was made possible by a provision in the charter of the defendant corporation for cumulative voting, and by another provision to the effect that the stock of the other corporation should be voted for such directors only as the stockholders of the defendant corporation should nominate.    An injury to the minority in respect of control cannot of itself support the assertion that the scheme is grounded in fraud, and the distribution of the stock as a dividend

cannot be said to constitute a waste of assets, since it appears that the stock has been held as a surplus for many years and, therefore, legally the directors had the right to distribute it as a dividend.

APPEAL by the plaintiffs, Charles J. Liebman and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 7th day of May, 1924, upon a report of a referee appointed to hear and determine the issues.

This is a derivative action in equity brought by the plaintiffs in behalf of the Auto Strop Company to procure the annulment of a resolution of the board of directors of the Auto Strop Company declaring a property dividend, and for an injunction restraining the defendants from carrying out such resolution.

*Cook, Nathan & Lehman* [*Nathan L. Miller* of counsel; *Alfred A. Cook, Harold Nathan* and *H. Bartow Farr* with him on the brief], for the appellants.

*Chadbourne, Stanchfield & Levy,* for individual respondents; *Robert S. Johnstone,* for corporate respondents [*Frederick Collin* of counsel; *Thomas L. Hughes, Robert S. Johnstone* and *J. Arthur Leve* with him on the brief], for the respondents.

McAVOY, J.:

The primary relief sought is an injunction restraining the issue of a corporate stock dividend of the shares of a subsidiary company by the defendant Auto Strop Company. The Auto Strop Company owns 2,502 shares, a majority of the capital stock of the Auto Strop Safety Razor Company. Defendants Gaisman, Maas and Coleman own 1,002 shares of the Auto Strop Company. Liebman and Klein, two of the plaintiffs and the instigators of the suit, own with some relatives 998 shares of the Auto Strop Company.

By reason of certain amendments to the charters of the companies in December, 1913, and February, 1914, the control of the Safety Razor Corporation was considerably curtailed through requiring unanimous consent to certain activities of the companies, and this partial control by the minority was assured by a provision for cumulative voting of the stock of the minority shareholders, so that they were always enabled to elect two directors in each corporation.

The provision of the amendment of December, 1913, which gave this control in both companies is in this language:

" [1] At all elections of directors of this corporation, each stockholder shall be entitled to as many votes as shall equal the number of his shares of stock multiplied by the number of directors to be elected, and he may cast all of such votes for a single director, or

he may distribute them among the number to be voted for, or any two or more of them as he may see fit. [2] Stock in any other corporation which may at any time be held by this corporation shall be voted at all elections of directors of such other corporation for the persons nominated for directors of such other corporation by the stockholders of this corporation at a regular or special meeting of stockholders held before any such election of directors of such other corporation, in like manner of cumulative voting, that is to say, each stockholder shall be entitled to as many votes as shall equal the number of his shares of stock multiplied by the number of directors of such other corporation to be elected, and he may cast all of such votes for a single nominee or may distribute them among the number to be voted for or any two or more of them as he may see fit."

The matters which required unanimous consent provided for in the amendments of February 9, 1914, to the charters both of the Auto Strop Company and of the Safety Razor Company were:

(1) Contracts of employment in excess of $3,000 per year;

(2) Agreements "relating to patents or trade marks or to rights or licenses in relation thereto;"

(3) Agreements for borrowing money or incurring indebtedness;

(4) Engaging in any manufacturing business (in the case of the Safety Razor Company other than the manufacture and sale of auto strop razors and accessories).

The part of the amendment to the charter of the Auto Strop Company which is unusual gave the stockholders of that company the right to vote cumulatively for the nominees for directors of any other company of which the Auto Strop Company held stock, that is, the Safety Razor Company; and thus the stock of the Safety Razor Company held by the Auto Strop Company was automatically voted for the same directors of the Safety Razor Company as had been cumulatively elected in the Auto Strop Company.

After this arrangement had subsisted for many years and the minority directors had exercised the right of veto, due to the unanimous vote requirement, on certain occasions in May, 1923, the directors of the Auto Strop Company, with Liebman and Klein opposing, voted to distribute all the Safety Razor Company stock held by it, to wit, 2,502 shares, as a dividend to stockholders. It is this action which is sought to be restrained, and plaintiffs claim it is a waste of the Auto Strop Company's assets and is done in bad faith and will be injurious to their interests.

When the stock of the Safety Razor Company held by the Auto Strop Company (the 2,502 shares) is thus distributed pursuant to the resolution, the Auto Strop Company will no longer be a

stockholder of the Safety Razor Company.  The Gaisman interests will own a majority of the stock of the Safety Razor Company, and thus (as majority owners) will be in a position to elect, if they see fit, the entire board of directors of the Safety Razor Company.

The plaintiffs assert that so to distribute the valuable property in shareholdings of the parent company constitutes a " waste of the assets " of the Auto Strop Company, which they seek to prevent.

At trial the referee found that the provision of the charter allowing election of directors of the Safety Razor Company by nomination of stockholders of the Auto Strop Company ran counter to the General Corporation Law; that it was subversive of the policy of the corporation laws; and that, hence, it was invalid and a nullity. We will not determine whether such a provision is necessarily invalid under section 34 of the General Corporation Law, because we have concluded that bad faith cannot be predicated of the action proposed here in any event.

We reach this result not only because the power of the Auto Strop Company to declare dividends of the Safety Razor Company's stock cannot be denied, but also because a reasonable exercise of the power was contemplated in view of the status of the business and the previous conduct of the plaintiff directors.  In 1906 1,000 shares of the Safety Razor Company's stock out of 3,502 shares then held were distributed, and hence its character as surplus was not disputable.  It is the directors' function to declare when and to what extent dividends may be paid.  Their discretion controls, and when there is a surplus, whether of stock or otherwise, it is distributable upon their resolution among stockholders as a dividend.  The power of directors to affect the rights of the minority must be exercised in good faith; and their action, even though lawful, may be restrained if a corporate purpose is not served and some selfish interest is promoted.  A fraudulent destruction of the rights of non-assenting stockholders will not be permitted, and an act solely in the interest of the majority, greatly detrimental to the interests of the corporation and the minority, will be halted by equity, even though it is within lawful power.  But the soundness or wisdom of the directors' judgment will not be judicially reviewed where there is neither bad faith nor fraud.  An intent to injure the minority by some action which depreciates the worth of its holding may indicate bad faith in the exercise of legal power, or the sale of the property of the corporation to interests in which the majority bringing about the sale may have an interest would present the element of bad faith.  An injury to the minority, however, in respect of control cannot of itself support the assertion

that the scheme is grounded in fraud. If there were no possibility of the act of the directors being regarded as an honest conclusion, and no beneficial result accrued to the company or the minority, the court might interpose.

The claim here is that the deprivation of Liebman and Klein of their power to name two of the seven directors of the Safety Razor Company is evidence that the act indicated in the distribution of this surplus stock held by the Auto Strop Company is in bad faith, and that, therefore, distribution of the stock to accomplish this purpose constitutes a waste of the corporate assets. There is no doubt that the distribution of the stock by the Auto Strop Company does take away this right of the minority stockholders, and the provisions requiring unanimous consent with respect to the various mentioned activities of the company would fail. This incident of the act of the directors, however, does not make for its *mala fides* without any indication of proof of loss to the corporate body affected or to the minority.

The corporation is the owner of the property, and its directors are trustees clothed with the power of controlling the property and with its management. The act of the defendants in distributing the stock of the Safety Razor Company to the stockholders of the Auto Strop Company, all of whom are stockholders in that same company, and who thereby become proportionately increased in ownership, cannot be said to be affected with bad faith, unless we can find some legal detriment to plaintiffs under which they are entitled to prevent the accomplishment of the project, of which this transaction appears barren. Nothing of a waste of assets as such is shown, because the surplus to be distributed has been held as such through many years and is a part of a total of shares some of which have been distributed. There is ground for holding, too, that the unanimous consent provision of the Safety Razor Company's charter concerning action by directors in the matters of loans, salaries and agreements relating to patents and engaging in any business other than the manufacture and sale of auto strop razors, ought to be changed so as not to embarass the business now conducted on a much larger scale than when these provisions were adopted. The non-assent of a minority who have a veto by exercise of a refusal of unanimous consent in these details may seriously hamper the proper conduct of a large business. The Auto Strop Company is the only licensor of the auto strop patents operated by the Safety Razor Company, and is interested in the royalties secured by the manufacture and sale under these patents. All of the business operations of the Safety Razor Company are, therefore, of necessity such as ought not to be obstructed by such

opposition as the evidence discloses as heretofore occurring, and a desire for co-operation with new directors is not an indication necessarily of judgment of the majority brought about solely through selfish reasoning.

We think the judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment affirmed, with costs.